**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALPHONSO BENNETT | : | |
| Petitioner | : | |
| v | : | Civil Action No. PJM-06-629 |
| LEHRMAN DOTSON and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondents | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned case is Respondents' Answer seeking dismissal of the Petition for Writ of Habeas Corpus because it is time-barred. Paper No. 4. Petitioner has filed an opposition to the answer stating that he was ill-informed of the applicable filing deadline for federal habeas corpus relief and he was unable to comply because he was denied access to transcripts. Paper No. 6. Upon review of the papers filed, the Court finds a hearing in this matter to be unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. 2254(e)(2)). For the reasons that follow, the Petition shall be denied as untimely.

Background

After a jury trial, Petitioner was convicted of first degree murder and related offenses in the Circuit Court for Worcester County, Maryland on July 10, 1997. Paper No. 4 at Ex. 1, p. 11. On September 12, 1997, Petitioner was sentenced to life imprisonment for murder and twenty years consecutive for armed robbery. *Id*. at p. 12. Petitioner appealed his conviction to the Maryland Court of Special Appeals alleging trial court error in the admission of certain evidence and

insufficiency of the evidence. *Id.* at Ex. 2. On June 22, 1998, Petitioner's appeal was denied on the merits. *Id.* The Maryland Court of Appeals denied certiorari on November 13, 1998, and no further requests for appellate review were filed. *Id.* at Ex. 3. Accordingly, Petitioner's conviction became final on February 11, 1999, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1.

On October 15, 1998, a petition for post-conviction relief was filed in the Circuit Court for Worcester County. *Id.* at Ex. 1, p. 14. The petition was, however, withdrawn by Petitioner on April 7, 1999.[1] A second post-conviction petition was filed on July 9, 2003. *Id.* Post- conviction relief was denied by the Circuit Court for Worcester County on November 1, 2004. *Id.* Petitioner's application for leave to appeal, filed with the Maryland Court of Special Appeals, was summarily denied in an unreported opinion filed on March 21, 2005, and the mandate issued on April 21, 2005. *Id.* at Ex. 4.

## Standard of Review

There is a one-year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The one year period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. 2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one-year limitation begins to run:

---

[1] On November 24, 1999, Petitioner filed a Petition for Habeas Corpus in this Court, which was dismissed without prejudice on January 19, 2000, for failure to exhaust state court remedies. *See Bennett v. Corcoran, et al.*, Civil Action No. PJM-99-3568 (D. Md. 1999).

from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Petitioner's conviction was final on February 11, 1999, and the one-year limitation period for filing a federal habeas corpus petition was tolled from February 11, 1999 to April 7, 1999, while Petitioner's post-conviction proceeding was pending. Thus the deadline for filing a federal habeas corpus petition expired on April 7, 2000. Petitioner's second post-conviction petition, filed three years after the expiration of the one-year filing deadline, did not operate to toll the limitations period. The instant petition was filed on February 16, 2006, and it is untimely.

"[T]he one year limitation period is also subject to equitable tolling 'in those rare instances where due to circumstances external to the party's own conduct it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000)  To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

Analysis

Petitioner asserts that no one advised him that he would be waiving his right to federal habeas review if he did not file a timely petition. Paper No. 6. To the extent that the allegation raises attorney error, it does not entitle Petitioner to equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 257 (4th Cir. 2003) (declining to apply the doctrine of equitable tolling in a death penalty habeas where attorney error caused the deadline to be missed by one day). He further claims that his repeated requests for copies of trial transcripts were denied, making it impossible for him to prepare a federal habeas corpus petition. *Id*. Petitioner points to his indigency as the reason for his request for trial transcripts; he does not, however, assert that he demonstrated a particularized need for the transcripts. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972) ( records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents). An indigent defendant is not entitled to copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

No explanation is offered for the delay between the time Petitioner's first post-conviction petition was withdrawn without prejudice and the time he filed a second post-conviction petition. Accordingly, Petitioner has failed to provide any basis for a finding that the instant Petition for Writ of Habeas Corpus, though time-barred, should be considered by this Court. By separate order which follows, the Petition shall be denied.

|  |  |
|---|---|
| July 24, 2006 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |